**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**
Case No.:

BRENDA MARTINIS,

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Brenda Martinis, files her Complaint against Defendant, Life Insurance Company of North America, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Brenda Martinis ("Ms. Martinis"), is a citizen of Florida and was at all times relevant a participant of the long-term disability policy ("LTD policy") at issue. Defendant, Life Insurance Company of North America, (hereinafter "Defendant"), is the insurer and claims administrator of the LTD policy at issue, is a foreign corporation authorized to do business in Florida and can be found in the Middle District of Florida.

### III. FACTS

3. At all times material to this action there was in full force and effect a group long-term disability insurance policy constituting binding contract of insurance between the parties. This LTD policy was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Martinis was employed with Waste Management as a route manager. By virtue of her employment with Waste Management, Ms. Martinis was an eligible participant of the LTD policy at all times material to this action.

6. The purpose of the LTD policy was to provide Ms. Martinis a monthly benefit in the event that she became disabled ("long-term disability benefits").

7. The LTD policy defines Disability, or Disabled, in pertinent part, as follows:

*The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:*

1. *unable to perform the material duties of his or her Regular Occupation. For drivers only, this includes being unable to meet the driving requirements as outlined under the Department of Transportation regulations and*
2. *unable to earn 80% or more of his or her Indexed Earnings from working his or her Regular Occupation.*

*After disability benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

1. *unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and*
2. *Unable to earn 60% or more of his or her Indexed Earnings.*

8. Ms. Martinis has suffered, and continues to suffer, from spinal stenosis of the

cervical region, cervical disc displacement, cervicalgia, and chronic headaches.

9. Ms. Martinis has been unable to perform the material duties of her regular occupation or any occupation, on a full-time basis due to her disability; Ms. Martinis is disabled under the terms of the LTD policy.

10. Ms. Martinis was forced to discontinue working on or around June 12, 2018, due to her disabling conditions.

11. In accordance with the procedures set forth by the LTD policy, Ms. Martinis notified Defendant of her disability.

12. Defendant acknowledged Ms. Martinis' disability from her own occupation and accepted liability by approving long-term disability benefits, effective December 18, 2018.

13. By letter dated December 9, 2020, Defendant terminated Ms. Martinis' long-term disability benefits.

14. Ms. Martinis timely appealed Defendant's decision to deny her long-term disability benefits by letter dated June 7, 2021.

15. By letter dated June 11, 2021, Ms. Martinis provided additional medical evidence of a Functional Capacity Evaluation ("FCE") validation in support of her appeal. The independent therapist agreed that the FCE demonstrated that Ms. Martinis did not have the functional capacity to engage in any work on a full-time basis.

16. By letter dated June 14, 2021, Defendant acknowledged Ms. Martinis' timely appeal request.

17. By letter dated September 20, 2021, Ms. Martinis informed Defendant its decision on Ms. Martinis' appeal was overdue.

18. By letter dated October 5, 2021, Ms. Martinis informed Defendant that "it has been

105 days since Ms. Martinis submitted her appeal."

19. By letter dated October 6, 2021, Defendant informed Ms. Martinis that "an adverse benefit decision on the claim is warranted." As required by ERISA, Ms. Martinis was given the opportunity to respond to Defendant's medical reviews.

20. By letter dated October 20, 2021, Ms. Martinis responded to Defendant's adverse medical reviews.

21. By letter dated November 3, 2021, Ms. Martinis again requested approval of her LTD appeal.

22. On November 4, 2021, Defendant wrote back Ms. Martinis a letter and enclosed a letter purportedly dated October 20, 2021 in which Defendant denied the appeal.

23. Defendant's decision to deny Ms. Martinis' appeal violates the timeframe allotted by ERISA to render a decision on an adverse benefit determination.

24. Ms. Martinis exhausted her appeals under ERISA.

25. In terminating Ms. Martinis' long-term disability benefits and denying her appeal, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

26. The termination of Ms. Martinis' disability benefits constitutes a breach of the LTD policy's terms, and the decision was wrong and arbitrary and capricious.

27. Defendant's termination of Ms. Martinis' long-term disability benefits breached the fiduciary duties owed to Ms. Martini under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Martinis as a participant of the LTD policy.

### IV.  COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 27 as if fully stated herein and says further that:

28.  Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

29.  Plaintiff is entitled to the benefits identified herein because:

   a.  the benefits are permitted benefits under the LTD policy;

   b.  Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c.  Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

30.  Defendant has refused to pay the benefits sought by Ms. Martinis, ignoring the medical records and clear opinions of her treating physicians.

### V.  COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 30 as if fully stated herein and says further that:

31.  To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

### VI.  RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 31 as if fully stated herein and says further that:

32.  As a result of the acts and/or omissions of Defendant as alleged herein, Defendant

owes Plaintiff unpaid long-term disability benefits, plus interest.

33. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

34. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Brenda Martinis, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 13th day of December 2021.*

>/s/ Edward P. Dabdoub
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Tanja Vucetic Perez (FBN. 1018255)
tanja@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Brenda Martinis*